IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2089-FL

| | |
|---|---|
| MARK JATHAN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>TRACY W. JOHNS, )<br>)<br>Respondent. ) | ORDER |

The matter is before the court on the motion to dismiss, or in the alternative, for summary judgment (DE #7), of respondent Tracy W. Johns ("respondent").[1] Petitioner did not respond to respondent's motion. In this posture, the matter is ripe for adjudication. For the following reasons, the court grants respondent's motion.

## STATEMENT OF THE CASE

On April 9, 2012, petitioner filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the duration of his pre-release custody placement in a Residential Re-entry Center ("RRC"). Respondent filed a motion for summary judgment arguing that the petition should be denied because he failed to exhaust administrative remedies. Although petitioner was notified of respondent's motion, he failed to respond.

---

[1] Because respondent attached matters that are outside of the pleadings, his motion will be construed as a motion for summary judgment.

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.  Analysis

Respondent contends that petitioner's § 2241 claim should be dismissed because petitioner failed to exhaust his administrative remedies. A federal prisoner challenging the execution of his sentence must exhaust administrative remedies before seeking review in federal court pursuant to § 2241. See Woodford v. Ngo, 548 U.S. 81, 88-89 (2006); McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (per curiam); Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (per curiam). Failure to exhaust may be excused only upon a showing of cause and prejudice. McClung, 90 F. App'x at 445.

In this case, the record reflects that petitioner did not use the Federal Bureau of Prisons administrative remedy program to attempt to resolve this issue. See Coll Decl.[2] ¶ 6. Exhaustion is

---

[2] Cornelia Coll ("Coll") submitted a declaration in support of respondent's motion for summary judgment. Coll is employed by the Federal Bureau of Prisons as a paralegal specialist. Coll Decl. ¶ 1.

not excused where an inmate believes that the length of the administrative remedy procedure would prevent him from receiving the full benefit of the RRC placement. Wright v. Warden, 2010 WL 1258181, at *1 (D. Md. Mar. 24, 2010) (finding that "[e]xhaustion of administrative remedies is not rendered futile simply because an inmate anticipates he will be unsuccessful in his administrative appeals before the 12 month pre-release mark.") Further, petitioner has not established cause or prejudice for his failure to exhaust. Thus, respondent's motion for summary judgment is GRANTED, and petitioner's § 2241 petition is DISMISSED without prejudice to allow him the opportunity to exhaust his administrative remedies.

## CONCLUSION

Respondent's motion for summary judgment (DE # 7) is GRANTED, and the matter is DISMISSED without prejudice. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 3rd day of April, 2013.

LOUISE W. FLANAGAN
United States District Judge